**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                       No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE
GALLEGOS, EDWARD TROUP, a.k.a.
"Huero Troup," LEONARD LUJAN,
BILLY GARCIA, a.k.a. "Wild Bill,"
EUGENE MARTINEZ, a.k.a. "Little
Guero," ALLEN PATTERSON,
CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo,"
ARTURO ARNULFO GARCIA, a.k.a.
"Shotgun," BENJAMIN CLARK, a.k.a.
"Cyclone," RUBEN HERNANDEZ;
JERRY ARMENTA, a.k.a. "Creeper,"
JERRY MONTOYA, a.k.a. "Boxer,"
MARIO RODRIGUEZ, a.k.a. "Blue,"
TIMOTHY MARTINEZ, a.k.a. "Red,"
MAURICIO VARELA, a.k.a. "Archie,"
a.k.a. "Hog Nuts," DANIEL SANCHEZ,
a.k.a. "Dan Dan," GERALD ARCHULETA,
a.k.a. "Styx," a.k.a. "Grandma," CONRAD
VILLEGAS, a.k.a. "Chitmon," ANTHONY
RAY BACA, a.k.a. "Pup," ROBERT
MARTINEZ, a.k.a. "Baby Rob," ROY
PAUL MARTINEZ, a.k.a. "Shadow,"
CHRISTOPHER GARCIA, CARLOS
HERRERA, a.k.a. "Lazy," RUDY PEREZ,
a.k.a. "Ru Dog," ANDREW GALLEGOS,
a.k.a. "Smiley," SANTOS GONZALEZ;
PAUL RIVERA, SHAUNA GUTIERREZ,
and BRANDY RODRIGUEZ,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Motion to Dismiss Indictment as It

Relates to Shauna Gutierrez, filed May 18, 2016 (Doc. 1155)("MTD"). The Court held a hearing on November 8-9, 2017. The primary issues are: (i) whether the Court should dismiss the Second Superseding Indictment, filed March 9, 2017 (Doc. 947)("Indictment") as it relates to Defendant Shauna Gutierrez for evidentiary insufficiency; and (ii) whether the allegations in the Indictment, when assumed to be true, amount to a violation of 18 U.S.C. § 1959 ("VICAR"). The Court concludes that, in a criminal case, it cannot consider the merits of a pretrial motion to dismiss for evidentiary insufficiency unless Plaintiff United States of America consents and the facts are essentially undisputed. The Court also concludes that the allegations in the Indictment, if true, indicate that Gutierrez violated VICAR. Accordingly, the Court denies the MTD.

## FACTUAL BACKGROUND

The Court takes its background facts from the Indictment. The facts are largely unchanged from those that the Court provided in its Memorandum Opinion and Order, filed October 28, 2016 (Doc. 753). See United States v. DeLeon, No. CR 15-4268, 2016 WL 7242579 (D.N.M. 2016)(Browning, J.). See also Memorandum Opinion and Order, filed March 8, 2017 (Doc. 943); United States of America v. Angel DeLeon, No. CR 15-4268, 2016 WL 3124632 (D.N.M. 2016)(Browning, J.). The Court does not set forth these facts as findings or the truth. The Court recognizes that the factual background is largely the United States' version of events and that the Defendants are all presumed innocent.

This case deals with crimes that the Syndicato de Nuevo Mexico ("SNM") allegedly committed through its members. Indictment at 2. SNM, through its members, operated in the District of New Mexico at all relevant times, and its members engaged in acts of violence and other criminal activities, "including murder, kidnapping, attempted murder, conspiracy to manufacture/distribute narcotics, and firearms trafficking." Indictment at 2. SNM constitutes an

enterprise "as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce." Indictment at 2-3.

SNM is a violent prison gang formed in the early 1980s at the Penitentiary of New Mexico ("PNM") after a violent prison riot at PNM during which inmates seriously assaulted and raped twelve correctional officers after taking them hostage. Indictment at 3. During the riot, thirty-three inmates were killed and over 200 were injured. See Indictment at 3. After the PNM riot, SNM expanded throughout the state's prison system and has had as many as 500 members. See Indictment at 3. SNM has approximately 250 members, with "a 'panel' or 'mesa' (Spanish for table) of leaders who issued orders to subordinate gang members." Indictment at 3. SNM controls drug distribution and other illegal activities within the New Mexico penal system, but it also conveys orders outside the prison system. See Indictment at 3. Members who rejoin their communities after completing their sentences are expected to further the gang's goals, the main one being the control of and profit from narcotics trafficking. See Indictment at 4. Members who fail "to show continued loyalty to the gang [are] disciplined in various ways, [] includ[ing] murder and assaults." Indictment at 4. SNM also intimidates and influences smaller New Mexico Hispanic gangs to expand its illegal activities. See Indictment at 4. If another gang does not abide by SNM's demands, SNM manages to assault or kill one of the other gang's members to show its power. See Indictment at 4. SNM's rivalry with other gangs also manifests itself in beatings and stabbings within the prison system. See Indictment at 4. SNM further engages in violence "to assert its gang identity, to claim or protect its territory, to challenge or respond to challenges, to retaliate against a rival gang or member, [and] to gain notoriety and show it superiority over others." Indictment at 4-5. To show its strength and influence, SNM expects its

members to confront and attack any suspected law enforcement informants, cooperating witnesses, homosexuals, or sex offenders. See Indictment at 5. To achieve its purpose of preserving its power, SNM uses intimidation, violence, threats of violence, assaults, and murder. See Indictment at 7. SNM as an enterprise generates income by having its members and associates traffic controlled substances and extort narcotic traffickers. See Indictment at 7. SNM's recent activities in a conspiracy to murder high-ranking New Mexico Corrections Department Officials inspired the present investigation. See United States v. Garcia, No. 15-4275 JB, Memorandum Opinion and Order at 2, filed November 16, 2016 (Doc. 133)(citing United States' Response to Defendant's Motion to Designate Complex (Doc. 56) at 1, filed May 3, 2016 (Doc. 70)).

The United States filed the Indictment on March 9, 2017. See Indictment at 1. The Indictment charges Gutierrez with two distinct VICAR violations. See Indictment at 17-18. Count 14 alleges that Gutierrez and others "unlawfully, knowingly and intentionally conspire[d] to murder J.G. . . . in violation of 18 U.S.C. § 1959(a)(5)." Indictment at 17. Count 15 alleges that Gutierrez and others "unlawfully, knowingly, and intentionally attempt[ed] to murder J.G., and committed assault with a dangerous weapon and assault resulting in serious bodily injury . . . in violation of 18 U.S.C.[§ 1959]." Indictment at 17-18. In addition to those VICAR violations, Count 16 alleges that Gutierrez and others, "used and attempted to use physical force against J.G. by assaulting J.G. with a dangerous weapon with the intent to influence, delay, or prevent J.G. from testifying . . . in an official proceeding . . . in violation of 18 U.S.C. [§ 1512]." Indictment at 18.

## PROCEDURAL BACKGROUND

The Court now recites the procedural background regarding the MTD. That background

includes both the MTD itself and the United States' response. It also includes the hearing that the Court held on November 8-9, 2017.

### 1. **The MTD.**

Gutierrez filed the MTD on May 18, 2017. See MTD at 7. Gutierrez argues that the Court should dismiss the Indictment's charges against her, because the "conduct charged in the Indictment does not constitute a violation of" VICAR or 18 U.S.C. § 1512. MTD at 1. According to Gutierrez, "[t]he discovery disclosed to date states that Shauna Gutierrez permitted Brandy Rodriguez to drive Shauna's truck to Charlene Parker-Johnson's house not knowing the plan of Brandy Rodriguez, Paul Rivera and Santos Gonzales once they arrived at Parker's house. The trio proceeded to assault J.G." Indictment at 2.

Gutierrez asserts that she is not an SNM member, because "[f]emales are not members or associates of SNM," and because she "has never been to prison, a prerequisite to becoming a member of SNM." MTD at 4. Gutierrez contends that "[t]he Government concedes that Ms. Gutierrez is not a member of SNM, but is an associate or prospect of SNM by virtue of her romantic relationship with Joe Lawrence Gallegos." MTD at 4. Gutierrez argues that her romantic relationship with an alleged SNM member does not make her an SNM prospect or associate. See MTD at 5. Gutierrez also argues that she did not knowingly and intentionally associate with SNM, because she "associated with Joe Lawrence Gallegos as a personal romantic choice, and not for purposes of the enterprise," or "so as to promote illegal activities." MTD at 5. Gutierrez then contends that, contrary to the Indictment, "[t]here is not a shred of evidence that Ms. Gutierrez received money, a large amount of drugs or anything of pecuniary value from the SNM at anytime. She did not receive a penny." MTD at 5-6. According to Gutierrez, it follows that "[t]he indictment against Ms. Gutierrez must be dismissed." MTD at 6.

### 2. **The Response**.

The United States responds to the MTD.  See United States' Response in Opposition to Defendant's Motion to Dismiss Indictment [1155] at 1, filed June 1, 2017 (Doc. 1173)("MTD Response").  The United States argues that "Gutierrez's argument is premature and therefore procedurally improper," because it "[e]ssentially . . . challenges the sufficiency of the United States' evidence to prove the elements of the crimes."  MTD Response at 1.  Specifically, "Gutierrez's involvement with the enterprise is an essential element of the offenses charged in the Indictment, and as such should be decided by the jury."  MTD Response at 1.  According to the United States, "it is well established that during pretrial proceedings, a defendant may not properly challenge an indictment on the ground that it is not supported by the evidence."  MTD at 2.  The United States acknowledges that the United States Court of Appeals for the Tenth Circuit has held that a trial court can consider the sufficiency of the evidence on a pretrial motion to dismiss when the operative facts are undisputed and the United States fails to object.  See MTD at 4 (citing United States v. Hall, 20 F.3d 1084, 1088 (10th Cir. 1994)).  The United States asserts that, "[i]n this case, there are disputed facts," so "this case does not represent the rare exception laid out in Hall."  MTD Response at 4.

### 3. **The Hearing**.

The Court held a hearing on November 8-9, 2017.  See Transcript of Hearing (held November 8, 2017), filed November 20, 2017 (Doc. 1456); Transcript of Hearing (held November 9, 2017), filed November 20, 2017 (Doc. 1457)("Nov. 9 Tr.").  The Court heard the MTD on November 9, 2017.  See Nov. 9 Tr. at 169:3-10 (Court).  Gutierrez began by arguing that "the Court has to make some decisions at some point concerning whether SNM is an enterprise within the meaning of the racketeering statutes[,] . . . whether Ms. Gutierrez was a

member of SNM, and whether she did participate in the predicate violent crime, and whether she received anything of pecuniary value." Nov. 9 Tr. at 170:7-15 (Arellanes). Gutierrez then repeated her arguments in the MTD that she is not an SNM member or associate, and that she did not receive anything of pecuniary value. See Nov. 9 Tr. at 170:16-171:6 (Arellanes). According to Gutierrez, it follows from "the burden on the Government to show the elements of the offense for which they have charged" that "Ms. Gutierrez should be completely dismissed out of this case." Nov. 9 Tr. at 171:7-10 (Arellanes).

The Court then asked Gutierrez to address United States v. Hall and its holding that, absent prosecution consent, "since there is no summary judgment procedure [on] the criminal side, basically if they want to present their facts to a jury, you've got to wait until the directed verdict stage. You can't get a preliminary ruling over whether . . . that evidence is sufficient." Nov. 9 Tr. at 173:16-174:2 (Court). Gutierrez replied that, under United States v. Hall, "if there [are] undisputed facts," then the situation is "[s]imilar to summary judgment." Nov. 9 Tr. at 174:23-175:3 (Arellanes). The Court then pressed Gutierrez, positing that United States v. Hall requires both undisputed facts and prosecution consent. See Nov. 9 Tr. at 175:5-16 (Court). Gutierrez then admitted that "[t]hat may be true, Judge." Nov. 9 Tr. at 175:17 (Arellanes).

The United States then took to the podium and indicated that the Court's understanding of United States v. Hall is correct. See Nov. 9 Tr. at 175:23-176:6 (Castellano). The United States asserted that the MTD "is the equivalent to a plea of not guilty at arraignment" and disputing all the elements of the offense. Nov. 9 Tr. at 176:7-11 (Castellano).

The Court gave the last word to Gutierrez, see Nov. 9 Tr. 180:5-6 (Court), and then it articulated its inclination regarding the MTD:

I think my power here is very restricted. And I'm not at all confident that I have

the power to -- with the Government objecting to it -- to grant a motion to dismiss of this nature.  So I'm inclined to deny the motion.  I'll take a look at it, but I'm inclined to think that  there is at least disputed issues of inferences from the evidence that's here.  And I'm not prepared to say that the Government is incapable of proving its case beyond a reasonable doubt.  So I think I'll be denying this motion.

Nov. 9 Tr. at 182:20-183:5 (Court).

### LAW REGARDING MOTIONS TO DISMISS IN CRIMINAL CASES

The Federal Rules of Criminal Procedure contain no analog for summary judgment under rule 56 of the Federal Rules of Civil Procedure.  See United States v. China Star, Inc., 375 F. Supp. 2d 1291, 1293 (D.N.M. 2005)(Browning, J.)("Under Tenth Circuit law, the Court is not free to determine, like on a motion for summary judgment under the Federal Rules of Civil Procedure, whether a genuine issue of material fact exists.").  "Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion."  United States v. Hall, 20 F.3d at 1087. When testing an indictment's sufficiency before trial, an indictment's allegations are taken as true, and courts should not consider evidence outside of the indictment.  See United States v. Hall, 20 F.3d at 1087.  See also United States v. Tafoya, 376 F. Supp. 2d 1257, 1260 (D.N.M. 2005)(Browning, J.).  Accordingly an indictment is legally sufficient so long as it:

> (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense.

United States v. Hall, 20 F.3d at 1087.  The Tenth Circuit has, however, carved out an exception to that general rule for cases "where the underlying facts [are] essentially undisputed and the government fail[s] to object to the district court's resort to evidence beyond the four corners of the indictment."  United States v. Hall, 20 F.3d at 1087.  "Under this scenario, a pretrial

dismissal is essentially a determination that, *as a matter of law,* the government is incapable of proving its case beyond a reasonable doubt."  United States v. Hall, 20 F.3d at 1088 (emphasis in original).

The Federal Rules of Criminal Procedure permit defendants, however, to assert defects other than evidentiary insufficiency before trial, because rule 12(b) allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  Fed. R. Crim. P. 12(b)(1).  See Fed. R. Crim. P. 12(b)(1) advisory committee note to 2014 amendments ("The more modern phrase 'trial on the merits' is substituted for the more archaic phrase 'trial of the general issue.'  No change of meaning is intended.").  That "Rule 47 applies to a pretrial motion," Fed R. Crim. P. 12(b)(1), means that the Court may consider evidence outside of the indictment, see Fed. R. Crim. P. 47(d) ("The moving party must serve any supporting affidavit with the motion.  A responding party must serve any opposing affidavit at least one day before the hearing, unless the court permits later service.").  On the other hand, rule 47(d) does not permit courts to conduct a "trial on the merits," Fed. R. Crim. P. 12(b)(1), via motion practice, because

> [t]he last sentence providing that a motion may be supported by affidavit is not intended to permit 'speaking motions' (e.g. motion to dismiss an indictment for insufficiency supported by affidavits), but to authorize the use of affidavits when affidavits are appropriate to establish a fact (e.g. authority to take a deposition or former jeopardy).

Fed R. Crim. P. 47 advisory committee's note to 1944 adoption.

A court can determine a pretrial motion without a trial on the merits when a motion goes to "what evidence might be admitted at trial . . . or the conduct of and preparation for trial." United States v. Pope, 613 F.3d 1255, 1260 (10th Cir. 2010)(Gorsuch, J.).  Pretrial motions that "seek and result in dismissal of the case altogether but that can be decided, at least in the

circumstances of the case at hand, without deciding any disputed questions of fact about the circumstances of the alleged crime" -- i.e., motions that "involve only the taking of evidence that is 'entirely segregable from the evidence to be presented at trial'" -- also qualify under rule 12(b)(1). United States v. Pope, 613 F.3d at 1260 (quoting United States v. Barletta, 644 F.2d 50, 58 (1st Cir. 1981)). See United States v. Olivas-Perea, No. CR 16-4518, 2017 WL 5001985 (D.N.M. October 31, 2017)(Browning, J.)("To decide the MTD, the Court needs to determine only when, not whether, Olivas-Perea was found in the United States, so the Court faces a factual dispute that is peculiar to the MTD, and does not go to Olivas-Perea's guilt or innocence."). Similarly, courts "may entertain motions that require it to answer only pure questions of law." United States v. Pope, 613 F.3d at 1260.

The "most prominent" reason for that rule is "respect for the role of the jury." United States v. Pope, 613 F.3d at 1259.[1] The jury is charged with determining a defendant's guilt or innocence, so fact-finding "based on evidence that goes to this question can risk trespassing on territory reserved to the jury." United States v. Pope, 613 F.3d at 1259. Criminal defendants are entitled to "'a jury determination that [they are] guilty of every element of the crime with which [they are] charged, beyond a reasonable doubt.'" Apprendi v. New Jersey, 530 U.S. 466, 477 (2000)(quoting United States v. Gaudin, 515 U.S. 506, 510 (1995)). That entitlement extends to so-called "sentencing factors," i.e., facts, "[o]ther than the fact of a prior conviction," that increase "the penalty for a crime beyond the prescribed statutory maximum." Apprendi v. New

---

[1]Other reasons for the rule include: (i) that evidence adduced at trial can provide a more certain framework for a court's analysis; (ii) that holding a separate mini-trial on a defense "only to repeat the exercise with largely the same evidence a short time later at the trial itself" disserves judicial economy; and (iii) that permitting pre-trial motions on matters to be presented at trial could "facilitate an end-run around the limited discovery rules governing criminal proceedings." United States v. Pope, 613 F.3d at 1259.

<u>Jersey</u>, 530 U.S. at 490.

## <u>LAW REGARDING VICAR</u>

A VICAR violation requires an underlying state-law offense, <u>i.e.</u>, someone "murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do." 18 U.S.C. § 1959(a). The underlying state-law offense becomes a federal VICAR violation only when it is committed: (i) "as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity"; or (ii) "for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity." 18 U.S.C. § 1959(a). For VICAR purposes, an enterprise is a legal entity, or a "union or group of individuals associated in fact although not a legal entity, which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1959(b). Racketeering activity includes "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance" that is a state-law felony, 18 U.S.C. § 1961(1)(A), and "any act which is indictable under any" one of myriad federal statutes, § 1961(1)(B)-(G).

## <u>ANALYSIS</u>

The Court construes the MTD as a challenge to the sufficiency of the evidence supporting the Indictment. Accordingly, the Court denies the MTD, because the United States does not consent to a pretrial determination regarding the Indictment's evidentiary sufficiency. The Court also concludes that it would deny the MTD even if the Court construed it as a challenge to the Indictment's legal sufficiency, <u>i.e.</u>, whether the allegations in the Indictment amount to a

criminal offense.

**I.  GUTIERREZ CANNOT PROPERLY CHALLENGE THE SUFFICIENCY OF THE UNITED STATES' EVIDENCE UNTIL THE UNITED STATES PRESENTS ITS CASE.**

The Federal Rules of Criminal Procedure contain no analogue to summary judgment under rule 56 of the Federal Rules of Civil Procedure, so the United States does not need to provide pretrial evidentiary support for the Indictment either to the Court or to Gutierrez.  See United States v. China Star, Inc., 375 F. Supp. 2d at 1293 ("Under Tenth Circuit law, the Court is not free to determine, like on a motion for summary judgment under the Federal Rules of Civil Procedure, whether a genuine issue of material fact exists.").  The absence of summary judgment in federal criminal cases makes sense, because procedural mechanisms other than summary judgment test the sufficiency of the United States' evidence.  That a properly constituted grand jury returned an indictment "'conclusively determines the existence of probable cause to believe' the defendant perpetrated the offense alleged."  Kaley v. United States, 134 S. Ct. 1090, 1097 (2014)(Kagan, J.)(quoting Gerstein v. Pugh, 420 U.S. 103, 117 n.19 (1975)).  See U.S. Const. amend. V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury . . . .").  Moreover, the Court will determine, "[a]fter the government closes its evidence or after the close of all the evidence," whether "the evidence is insufficient to sustain a conviction."  Fed. R. Crim. P. 29(a).  A trial court can, however, consider the sufficiency of the evidence on a pretrial motion to dismiss when the operative facts are undisputed and the United States does not object.  See United States v. Hall, 20 F.3d at 1088.  "Under this scenario, a pretrial dismissal is essentially a determination that, *as a matter of law,* the government is incapable of proving its case beyond a reasonable doubt."  United States v. Hall, 20 F.3d at 1088 (emphasis in original).

Gutierrez challenges the sufficiency of the evidence supporting the allegations in the indictment, see MTD at 6 ("There is not a shred of evidence that Ms. Gutierrez received money, a large amount of drugs or anything of pecuniary value from the SNM at anytime."); Nov. 9 Tr. at 170:16-24 (Arellanes)("So given the evidence, given the facts that have been outlined for the Court, Ms. Gutierrez is not a member of SNM. . . . And so the Government will not be able to show one of the elements that they are required to show."), and this case is not the "rare exception" imagined by United States v. Hall, 20 F.3d at 1088. First, the United States objects to the Court determining the MTD's merits. See MTD Response at 1 ("[R]esolution of this question must await trial of the general issue and is not cognizable as a Rule 12(b) motion to dismiss."). Second, Gutierrez and the United States dispute operative facts. Compare MTD at 2 ("The discovery disclosed to date states that Shauna Gutierrez permitted Brandy Rodriguez to drive Shauna's truck to the home of Charlene Parker-Johnson's house not knowing the plan of Brandy Rodriguez, Paul Rivera and Santos Gonzales once they arrived at Parker's house."); id. at 5 (arguing that Gutierrez did not knowingly and intentionally associate with SNM), with MTD Response at 1 ("The evidence establishes that Gutierrez located J.G. at a residence in Los Lunas, New Mexico and instructed three gang members and/or associates to kill J.G. so that J.G. would not be able to testify against her boyfriend, Joe Gallegos."); id. at 2 ("After the assault, the assailants returned to Gutierrez and told her that they had accomplished their mission and that J.G. was likely dead. Gutierrez responded that Joe Gallegos would be happy to hear the news."). Accordingly, the Court will deny the MTD, because the Court cannot properly assess the sufficiency of the evidence supporting the allegations in the indictment before trial.

## II. THE COURT WOULD DENY THE MTD EVEN IF IT CONSTRUED THE MTD AS A CHALLENGE TO THE INDICTMENT'S LEGAL SUFFICIENCY.

The MTD contains statements that suggest that Gutierrez challenges the Indictment's legal sufficiency and not its evidentiary sufficiency. See MTD at 1 ("The conduct charged in the Indictment does not constitute a violation of 18 U.S.C. § 1959(a)(5), 18 U.S.C. § 1959 (a)(3) and 18 U.S.C. § 1512 (a)(2)(A) and 2."). While the substance of Gutierrez' argument goes to whether the Indictment's allegations are supported by the evidence, see MTD at 6 ("There is not a shred of evidence that Ms. Gutierrez received money, a large amount of drugs or anything of pecuniary value from the SNM at anytime."), the Court considers and rejects Gutierrez' contention that the Indictment alleges conduct that does not amount to a criminal offense, see MTD at 1. An indictment is legally sufficient so long as it

> (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense.

United States v. Hall, 20 F.3d at 1087. "An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." United States v. Hall, 20 F.3d at 1087.

Count 14 of the Indictment alleges that, "[o]n or about February 1, 2016 to on or about February 27, 2016, in Otero and Valencia Counties, in the District of New Mexico," Gutierrez, among others, "unlawfully, knowingly and intentionally conspire[d] to murder J.G." Indictment at 17. Count 14 also alleges that Gutierrez conspired to murder J.G.

> as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico (SNM), an enterprise engaged in racketeering activity.

Indictment at 17. Count 15 of the Indictment alleges that, "[o]n or about February 27, 2016, in Valencia County, in the District of New Mexico," Gutierrez, among others, "unlawfully, knowingly, and intentionally attempt[ed] to murder J.G., and committed assault with a dangerous weapon and assault resulting in serious bodily injury to J.G." Indictment at 17-18. Count 15 again alleges that Gutierrez acted

> as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Syndicato de Nuevo Mexico Gang (SNM), and for the purpose of gaining entrance to and maintaining and increasing position in the Syndicato de Nuevo Mexico (SNM), an enterprise engaged in racketeering activity.

Indictment at 17. Count 16 of the Indictment alleges that, "[o]n or about February 27, 2016, in Valencia County, in the District of New Mexico," Gutierrez, among others, "used and attempted to use physical force and the threat of physical force against J.G. by assaulting J.G. with a dangerous weapon with the intent to influence, delay, or prevent J.G. from testifying . . . in an official proceeding." Indictment at 18.

The allegations in Counts 14 and 15 are tailored to the specifics of this case, but they track the language of 18 U.S.C. § 1959(a):

> Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders . . . [or] commits assault resulting in serious bodily injury upon . . . any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished . . . .

18 U.S.C. § 1959(a). The allegations in Count 16 of the Indictment are likewise tailored to this case's specifics and track 18 U.S.C. § 1512(a)(2)(A)'s language: "Whoever uses physical force or the threat of physical force against any person, or attempts to do so, with intent to influence, delay, or prevent the testimony of any person in an official proceeding . . . shall be punished as

provided in paragraph (3)." 18 U.S.C. § 1512(a)(2)(A).

Counts 14 and 15, thus, both contain allegations that, if true, constitute a violation of § 1959(a), and Count 16 contains allegations that, if true, constitute a violation of § 1512(a)(2)(A). <u>See</u> <u>Russell v. United States</u>, 369 U.S. 749, 765 (1962)("'Undoubtedly, the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" (quoting <u>United States v. Hess</u>, 124 U.S. 483, 487 (1888))).  Consequently, the Court concludes that the Indictment alleges that Gutierrez' conduct constitutes a criminal offense, so the Indictment is legally sufficient.  Accordingly, the Court will deny the MTD.

**IT IS ORDERED** that the Motion to Dismiss Indictment as It Relates to Shauna Gutierrez, filed May 18, 2016 (Doc. 1155)("MTD") is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

James D. Tierney
  Acting United States Attorney
Maria Ysabel Armijo
Randy M. Castellano
Matthew Beck
  Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

        *Attorneys for the Plaintiff*

Richard Sindel
Sindel, Sindel & Noble, P.C.
Clayton, Missouri

--and--

Brock Benjamin
Benjamin Law Firm
El Paso, Texas

  *Attorneys for Defendant Joe Lawrence Gallegos*

Patrick J. Burke
Patrick J. Burke, P.C.
Denver, Colorado

--and--

Cori Ann Harbour-Valdez
The Harbour Law Firm, P.C.
El Paso, Texas

  *Attorneys for Defendant Edward Troup*

Russel Dean Clark
Las Cruces, New Mexico

  *Attorney for Defendant Leonard Lujan*

James A. Castle
Castle & Castle, P.C.
Denver, Colorado

--and--

Robert R. Cooper
Albuquerque, New Mexico

  *Attorneys for Defendant Billy Garcia*

Douglas E. Couleur
Douglas E. Couleur, P.A.
Santa Fe, New Mexico

  *Attorneys for Defendant Eugene Martinez*

Phillip A. Linder
The Linder Firm
Dallas, Texas

--and--

Jeffrey C. Lahann
Las Cruces, New Mexico

*Attorneys for Defendant Allen Patterson*

John L. Granberg
Granberg Law Office
El Paso, Texas

--and--

Orlando Mondragon
El Paso, Texas

*Attorneys for Defendant Christopher Chavez*

Nathan D. Chambers
Nathan D. Chambers, LLC
Denver Colorado

--and--

Noel Orquiz
Deming, New Mexico

*Attorneys for Defendant Javier Alonso*

Scott Moran Davidson
Albuquerque, New Mexico

--and--

Billy R. Blackburn
Albuquerque, New Mexico

*Attorneys for Defendant Arturo Arnulfo Garcia*

Stephen E. Hosford
Stephen E. Hosford, P.C.
Arrey, New Mexico

--and--

Jerry Daniel Herrera
Albuquerque, New Mexico

    *Attorneys for Defendant Benjamin Clark*

Pedro Pineda
Las Cruces, New Mexico

    *Attorney for Defendant Ruben Hernandez*

Gary Mitchell
Mitchell Law Office
Ruidoso, New Mexico

    *Attorney for Defendant Jerry Armenta*

Larry A. Hammond
Osborn Maledon, P.A.
Phoenix, Arizona

--and--

Margaret Strickland
McGraw & Strickland
Las Cruces, New Mexico

    *Attorneys for Defendant Jerry Montoya*

Steven M. Potolsky
Jacksonville Beach, Florida

--and--

Santiago D. Hernandez
Law Office of Santiago D. Hernandez
El Paso, Texas

    *Attorneys for Defendant Mario Rodriguez*

Jacqueline K. Walsh
Walsh & Larranaga
Seattle, Washington

--and

Ray Velarde
El Paso, Texas

*Attorneys for Defendant Timothy Martinez*

Joe Spencer
El Paso, Texas

--and--

Mary Stillinger
El Paso, Texas

*Attorneys for Defendant Mauricio Varela*

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

--and--

Richard Jewkes
El Paso, Texas

*Attorneys for Defendant Daniel Sanchez*

George A. Harrison
Las Cruces, New Mexico

*Attorney for Defendant Gerald Archuleta*

B.J. Crow
Crow Law Firm
Roswell, New Mexico

*Attorney for Defendant Conrad Villegas*

Theresa M. Duncan
Duncan, Earnest, LLC
Albuquerque, New Mexico

--and--

Marc M. Lowry
Rothstein Donatelli, LLP
Albuquerque, New Mexico

    *Attorneys for Defendant Anthony Ray Baca*

Charles J. McElhinney
McElhinney Law Firm, LLC
Las Cruces, New Mexico

    *Attorney for Defendant Robert Martinez*

Marcia J. Milner
Las Cruces, New Mexico

    *Attorney for Defendant Roy Paul Martinez*

Christopher W. Adams
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Christopher Garcia*

William R. Maynard
El Paso, Texas

--and--

Carey Corlew Bhalla
Law Office of Carey C. Bhalla, LLC
Albuquerque, New Mexico

    *Attorneys for Defendant Carlos Herrera*

Justine Fox-Young
Albuquerque, New Mexico

--and--

Ryan J. Villa
Albuquerque, New Mexico

      *Attorneys for Defendant Rudy Perez*

Donavon A. Roberts
Albuquerque, New Mexico

      *Attorneys for Defendant Andrew Gallegos*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

      *Attorneys for Defendant Santos Gonzalez*

Angela Arellanes
Albuquerque, New Mexico

      *Attorneys for Defendant Shauna Gutierrez*

Jerry A. Walz
Walz and Associates
Albuquerque, New Mexico

      *Attorneys for Defendant Brandy Rodriguez*